QUESTION: Must a traveler who is on per diem deduct the cost of gratuitously furnished meals at the rate prescribed in s.112.061(6)(d), F. S.?
SUMMARY: Pursuant to s. 112.061(6)(a)1., F. S., a traveler to a convention or conference need not reduce his request for the statutory per diem for a meal given to him gratuitously. However, a convention or conference traveler seeking reimbursement pursuant to s. 112.061(6)(a)2., F. S., must reduce his request for reimbursement in the applicable amount set forth in s.112.061(6)(d), F. S., for any meal received gratuitously. It should be noted at the outset that no lodging costs are involved in this question, nor does the question involve any meals or lodging included in a registration fee. The subsistence allowed travelers when traveling to a convention or conference which serves a direct and lawful public purpose with relation to the public agency served by the person attending such meeting is up to $25 per diem, s. 112.061(6)(a)1., F. S., or up to the amounts permitted in s. 112.061(6)(d), F. S., for meals, plus actual expenses for lodging at a single occupancy rate to be substantiated by bills paid therefor. Section 112.061(6)(a)2., F. S. If the traveler to a convention or conference elects reimbursement pursuant to s. 112.061(6)(a)1., F. S., he is entitled to the flat per diem, up to $25, as determined by the agency head. The per diem authorized by s. 112.061(6)(a)1. does not contemplate itemizing the amount that the traveler to a convention or conference spent on each meal or lodging. Therefore, if someone gives such traveler a meal, he is not required to reduce his request for the statutory per diem by the amount specified in s. 112.061(6)(d), F. S. A traveler to a convention or conference who elects reimbursement pursuant to s.112.061(6)(a)2., F. S., in addition to lodging, is entitled to up to the amount permitted in s. 112.061(6)(d), F. S., for meals. Although there is no requirement that the traveler present paid bills for meals, s. 112.061(6), F. S., does not give the public officer or employee anything; it only reimburses him for anything that he has actually paid for within the limits fixed by law. Therefore, the traveler seeking reimbursement pursuant to this provision should not include a claim for any meal or meals which may have been provided to him gratuitously. Such an interpretation is compelled by s. 112.061(11), F. S., which requires that . . . any claim authorized or required to be made under any provision of this section shall contain a statement that the expenses were actually incurred by the traveler as necessary traveling expenses in the performance of his official duties and shall be verified by a written declaration that it is true and correct as to every material matter . . . . (Emphasis supplied.)
Provided therein are criminal penalties for willful violations and civil liability for any false claim in the amount of such overpayment.